IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                          3:04cr5/MCR
                                                             3:05cv166/MCR/MD

KIMBERLY RENEE CLARKE

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 109). The government has filed a response (doc. 140) and the defendant has not filed a reply, despite having been afforded the opportunity to do so. (Doc. 142). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant was charged in two counts of a three count indictment with conspiracy to possess with intent to distribute five kilograms or more of cocaine and possession with intent to distribute more than 500 grams of cocaine on a date certain. Defendant was represented by appointed counsel, Spiro Kypreos. The government filed a notice of enhancement indicating that the defendant was subject to increased penalties under Title

21 U.S.C. §§ 841(a)(1) and 851 as a result of a prior felony drug conviction in Escambia County. (Doc. 19).

The court held a rearraignment proceeding on February 20, 2004. (Doc. 56). At this hearing, defendant expressed disagreement with the facts as set forth in her written plea and cooperation agreement. Therefore, the court declined to accept her plea and the hearing was postponed. (Doc. 56 at 10-14).

A second rearraignment proceeding was held on March 9, 2004 after the court had received a letter from the defendant acknowledging the facts as set forth in the plea agreement. (Doc. 57). There was discussion of a document that had been sent to the court captioned "ineffective assistance of counsel" (doc. 23), but defendant denied any knowledge of the document, or having had any role in its delivery to the court. (Doc. 57 at 3-6). The defendant acknowledged that she had signed the written plea and cooperation agreement dated March 8, 2004. The district court was very thorough in its colloquy, and went over many of the terms of the agreement, specifically noting that the plea agreement stated that the defendant agreed that if her case proceeded to trial, the government could prove beyond a reasonable doubt that at least five kilograms of cocaine was distributed during the conspiracy. (Doc. 57 at 15; doc. 27 at 2). Through this agreement, defendant waived her right to have a jury determination of the drug quantity. (Doc. 57 at 16; doc. 27 at 2). Relevant to the instant motion, the agreement set forth the penalties for the charged offenses, including a minimum mandatory term of twenty years imprisonment on Count 1, or, if the court found that she was accountable for between 500 grams and 5 kilograms of cocaine, a minimum mandatory term of ten years imprisonment. (Doc. 57 at 16-17; doc. 27 at 3). Defendant indicated she understood. She also acknowledged her prior state drug conviction. (Doc. 57 at 18-19).

With respect to sentencing, the agreement provided that the district court would be the final arbiter of facts relevant to her sentence including any mitigating or aggravating factors. It further provided that if in the sole discretion of the United States Attorney, the defendant was deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, either prior to sentencing or

within the time provided by Rule 35 of the Federal Rules of Criminal Procedure, the United States would file an appropriate substantial assistance motion. (Doc. 57 at 24-25, 27; doc. 27 at 9-10). Mr. Kypreos noted that he had explained to the defendant about substantial assistance and how the guidelines or statutory sentencing scheme worked, and the court followed up with additional questions. (Doc. 57 at 24-26, 27). The agreement provided that the ultimate sentence was left to the discretion of the district court, and if such a motion was not filed, the defendant agreed that the decision not to file the motion would be subject to legal challenge only if made for a constitutionally impermissible reason. (Doc. 27 at 10). Both parties reserved the right to appeal the sentence. (Doc. 27 at 10).

      Counsel stated for the record that while he had explained to the defendant how the guidelines could apply to her case, he had made no promises about the sentence she could expect. (Doc. 57 at 29-30). The defendant indicated that she understood that even if the sentence was more severe than she had hoped for or anticipated, this would not be a ground for withdrawing her plea. (Doc. 57 at 27, 32). Finding the defendant's plea to be knowing, voluntary and intelligent, the district court accepted the plea.

      Although she had been charged in a conspiracy involving five kiligrams or more of cocaine, the Presentence Investigation Report attributed one kilogram of cocaine to the defendant. (PSR ¶ 37). After a base offense level of 26, and a three level adjustment for acceptance of responsibility, defendant's total offense level was 23 . (PSR ¶ 45, 50, 53). With her criminal history category of II, the applicable guidelines range was 51 to 63 months. However, because of the enhancement, the applicable statutory minimum mandatory based on one kilogram of cocaine was 120 months.

      At sentencing, the parties recognized the court's lack of discretion in the case, given that no 5K1 motion had been filed. (Doc. 58 at 3-4). Defendant was sentenced to the statutory minimum mandatory term of 120 months imprisonment. (Doc. 36, 37). She appealed, and her conviction and sentence were affirmed on April 15, 2005, the appellate court having found no arguable issues of merit. (doc. 106). Defendant timely filed her initial § 2255 motion on May 8, 2005 (doc. 107) and the instant amended motion pursuant to court order on June 8, 2005. (Doc. 109). Defendant now claims that counsel was

constitutionally ineffective and her due process rights were violated due to counsel's ineffectiveness.

## II. LEGAL ANALYSIS

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993). To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000). In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id*. at 688, 104 S.Ct. at 2065; *see Atkins v. Singletary*, 965 F.2d 952 (11th Cir. 1992). "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing *Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*,  466 U.S. at 689, 104 S.Ct. at 2065. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003). (quoting

*Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. In the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.*

To establish ineffective assistance, defendant must provide factual support for her contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 122 S.Ct. 234 (2001).

Defendant first contends that counsel was ineffective because he failed to challenge the government's decision to seek an enhanced sentence, because her cooperation and minimal role in the offense should have given the government reason not to seek the enhanced penalty. The court assumes the defendant refers to the enhancement for her

prior felony drug conviction. Even the court agreed at sentencing that the defendant's sentence was harsh. However, while defendant's prior felony drug conviction, her cooperation, and her role in the offense all may potentially impact her sentence, they are separate and independent issues, each of which stands or falls on its own set of underlying facts. In this case, the enhancement was proper because of the defendant's criminal history. Defendant admitted the validity of the prior conviction at rearraignment, and offers no legal basis to challenge the validity of that conviction in the instant motion. The government states in its memorandum that the office of the United States Attorney adheres to a policy directing that, where applicable, an § 851 enhancement is to be filed. Therefore, counsel was not ineffective for failing to challenge the filing or the application of the enhancement.

Defendant also contends that counsel should have moved for a minor participant role reduction because her participation in the conspiracy was limited to a single delivery of cocaine. Because the statutory minimum mandatory sentence applied to defendant's case, even if defendant were entitled to this reduction, it would have had no bearing on her ultimate sentence. Therefore, even if counsel could or should have made this argument, she has failed to show prejudice.

Defendant next claims that counsel failed to instruct her about the minimum mandatory sentence or options available to avoid the sentence enhancement. This statement is directly refuted by the plea colloquy, as set forth above. At rearraignment, defendant stated she had reviewed the plea and cooperation agreement, which set forth the penalties she faced, and the district judge also went over these matters with her, including the possibility of receiving a sentence departure if she provided substantial assistance. Defendant indicated she understood. A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); cf. *Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea). Solemn declarations made under oath in

open court carry a strong presumption of verity. *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629*.* They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. *Id.; see also United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n. 14 (11th Cir. 1985); *Potts v. Zant,* 638 F.2d 727, 750-51 (5th Cir. 1981) (citing *United States v. Sanderson*, 595 F.2d 1021 (5th Cir. 1979)); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997); *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995); *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991); *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991). "[i]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986). Furthermore, at sentencing, defense counsel stated in open court that he had explained to his client that she still could receive a benefit of substantial assistance and avoid the mandatory sentence if she continued to cooperate. (Doc. 58 at 3).

     Defendant complains that her attorney failed to secure a "bond" or pre-trial release in her case. The defendant's detention hearing was held before the undersigned, who, after hearing the evidence presented by the defense, determined that there were no conditions or combination of conditions that could be imposed that would guarantee defendant's presence at trial or the safety of the community. (Doc. 29 at 33). The truth of the matter is, it was not the fault of counsel that the court determined a bond was not appropriate in the defendant's case. This ruling was based on the facts as presented to the court. Defendant has suggested no other information that counsel could or should have presented that would have changed the court's ruling. Thus, she has failed to show either deficient performance or prejudice and she is not entitled to relief.

     Defendant next claims she "waived appeal due to ineffective assistance of counsel." This claim is frivolous, as the plea agreement permitted both parties to appeal, and defendant in fact did appeal. Defense counsel was allowed to file an *Anders* brief and withdraw because there were no arguable issues of merit. (Doc. 106).

Finally, defendant contends counsel should have sought a 5K1 reduction at sentencing for her cooperation. As set forth above, the plea agreement expressly stated that the decision whether to file a 5K1 motion was within the sole discretion of the United States Attorney. Defense counsel had no power or input in this matter, other than to file a legal challenge if he believed the decision not to file the motion was based on a constitutionally impermissible reason. *Wade v. United States*, 504 U.S. 181, 185-86, 112 S.Ct. 1840, 1843-44, 118 L.Ed.2d 524 (1992). Defendant has not suggested that this is the situation in her case. Furthermore, the issue of defendant's cooperation was discussed at sentencing, and both the Assistant United State Attorney and the court expressed hope that the defendant would continue to cooperate so that perhaps a Rule 35 motion could be filed in her behalf. (Doc. 58 at 3-4).

In sum, all of the claims raised by defendant are squarely refuted by the record. She has not shown that counsel's performance was constitutionally deficient, and she is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 109) be DENIED.

At Pensacola, Florida, this 10th day of November, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).